LYDIA A. TOBIAS *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

1. TRIAL—PROVINCE OF COURT AND JURY—CREDIBILITY OF WITNESSES.

The evidence and the credibility of witnesses is for the jury.

2. STREET RAILROADS—ACTION FOR INJURIES—ISSUES, PROOF, AND VARI-ANCE.

Where plaintiff, in an action against a street railroad for personal injuries, alleges that such injuries were caused by being struck by defendant's car, he can recover only on proof of the facts alleged.

3. STREET RAILROADS—INJURIES TO PERSONS ON TRACK—NEGLIGENCE.

The measure of a motorman's duty as to persons on a track is what a reasonably prudent and careful man would do under like circumstances; and where a motorman, as soon as he saw a person on the track, began to sound the gong, applied the brakes, and took reasonable care to avoid striking and injuring such person, though the car was not stopped, the defendant road is not liable.

4. STREET RAILROADS—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE OF PERSON INJURED.

A person injured on a street railroad track cannot recover damages therefor, if it is shown that his own negligence contributed proximately thereto.

5. STREET RAILROADS—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE—SEEING APPROACHING CAR.

Where plaintiff was walking on the track, and saw, or by the exercise of reasonable care could have seen, an approaching car in time to get off the track and avoid injury, but did not do so, and was struck by the car, he contributes to his own injury, and cannot recover in an action for injuries, although defendant was also guilty of negligence.

6. STREET RAILROADS—INJURIES TO PERSONS ON TRACK—WALKING ON TRACK.

It is not of itself negligence for a person to walk on the track of a street railroad.

7. STREET RAILROADS—OPERATION—RIGHT OF WAY UPON TRACKS.

A pedestrian has a right to use a street railroad track; but the street car company has a superior right to use all that portion of the street included within the lines of its track. Its superior right is necessarily so, as its cars can travel only in that track, and others must get out of their way, if they can do so.

8. STREET RAILROADS—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

Where a street railroad track is obstructed by banks of snow on the side of the track, so as to make it more dangerous on that account, a person walking on the track is required to exercise a correspondingly greater degree of care to avoid being injured.

9. STREET RAILROADS—INJURY TO PERSONS ON TRACK—DUTY OF SEEING PERSON ON TRACK.

While the motorman of a street railroad car should at all times exercise reasonable care in the operation of the car, have it under proper control, and slow up or stop whenever necessary to avoid accident, he has a right to presume that a person on the track will act as a reasonably prudent person would act to avoid injury, and the mere fact that the car is not stopped is not of itself negligence.

10. NEGLIGENCE—NATURE AND ELEMENTS.

"Negligence" is the lack or want of ordinary care.

11. NEGLIGENCE—ACTIONS—PRESUMPTION AND BURDEN OF PROOF.

Negligence is never presumed, but must be proved, and the burden of proving it rests upon the party alleging it.

12. DAMAGES—INJURIES TO PERSON—ESTIMATING DAMAGES IN GENERAL.

Damages for personal injuries may be awarded for such amount as will reasonably compensate the person injured for any expense incurred in treating the injury, and for bodily pain and suffering caused by defendant's negligence, and also for any loss of wages suffered in the past, and for any impairment of ability to earn a living in the future, as may be shown to be the result of such injury.

13. STREET RAILROADS—ACTION FOR INJURIES—PREPONDERANCE OF EVIDENCE.

In a civil action for personal injuries alleged to have been caused by the defendant's negligence, the jury must be governed by the weight of the evidence, and render their verdict according to the side on which the evidence preponderates.

14. TRIAL—DELIBERATION OF JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the jury should reconcile it, if they can do so.

15. EVIDENCE—WEIGHT AND SUFFICIENCY—CREDIBILITY OF WITNESSES IN GENERAL.

In determining the credibility of witnesses, the jury should give credit to those who, under all the circumstances, seem most worthy of credit, taking into consideration their fairness, their interest, their opportunities of knowing the things of which they speak, and any other circumstance which may assist in determining the credit to be given.

(*March* 21, 1911.)

PENNEWILL, C. J., and CONRAD and RICE, J. J., sitting.

*Caleb E. Burchenal* and *Sylvester D. Townsend, Jr.*, for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, March Term, 1911.

ACTION ON THE CASE (No. 50, May Term, 1910), to recover damages for personal injuries to the plaintiff, alleged to have been

occasioned by the negligence of the defendant, while plaintiff was walking between the car tracks of the defendant company. The negligent acts complained of are set forth in the charge of the court.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff against the defendant company to recover damages for personal injuries alleged to have been sustained by her as the result of the defendant's negligence in so running and operating one of its cars on its railway between King and French streets in this city on the seventeenth day of January, 1910, that she was struck by said car and injured.

The plaintiff claims that between 6 and 7 o'clock in the morning of the day stated while going to her work she was, on account of the slippery condition of the sidewalks and the steep descent of the street, walking between the car tracks. That she had started from Seventh and French streets, and although she looked for an approaching car she saw none until she was about halfway of the block towards King street, when a car appeared at the brow of the hill at Seventh and King streets coming towards her. That it was not possible because of the steep grade to see the car until it almost reached such point. That she endeavored, when she saw the car, to get off the track, but the snow along the sides of the track was so high and hard she could not quickly extricate herself from danger. That the motorman twice ordered her to get out of the way, but did not stop the car and continued running it until she was struck, when the car stopped.

In the first count, it is averred that the defendant negligently placed, suffered and permitted large banks of. snow to lay or accumulate along the side of said street car track, and negligently ran said car into and against the plaintiff while she was endeavoring to climb over the bank of snow or obstruction and out of the way of the car.

In the second count it is charged that the defendant negligently omitted to give reasonable notice of the approach of said car in time for her to avoid being struck.

In the third count the plaintiff avers that the defendant negligently omitted and failed to control and manage the said car so as to stop it before it reached, struck and ran into her.

In the fourth count the plaintiff alleges that the defendant did unlawfully, wantonly, maliciously and willfully run the car into and against her.

Such are the acts of negligence averred, and relied upon, by the plaintiff in this action.

We say to you, gentlemen, that the court are clearly of the opinion that the plaintiff has not produced any evidence to sustain the first, second and fourth counts of her declaration, and you are not to consider, therefore, any of those three counts. That is to say, you are not to consider the allegation in the first count that the defendant was negligent in permitting banks of snow to lay along side of the track, or the allegation in the second count, that the defendant was negligent in omitting to give reasonable notice of the approach of the car, or the allegation in the fourth count that the defendant wantonly, maliciously and willfully ran the car into and against the plaintiff.

The only alleged act of negligence, therefore, which you are to consider and determine, is that contained in the third count, viz.: Whether the defendant negligently omitted and failed to control and manage the car so as to stop it before it struck the plaintiff.

[1] The defendant has requested the court to direct you to return a verdict in its favor. This we decline to do because we think the case should be submitted to you for your determination upon the evidence you have heard from the witnesses and the law as the court shall declare it. The evidence, and the credibility of the witnesses, is for the determination of the jury and not the court.

The defendant insists that the plaintiff should not recover for two reasons: First, because the defendant was not guilty of any negligence; and, second, because the plaintiff was guilty of contributory negligence.

It is contended by the defendant that the plaintiff was not struck by the car at all, but on the contrary she had gotten off the

track a sufficient distance for the car to pass her, and fell upon the snow just as the front part of the car was slowly passing her.

[2] If you believe this to be true, of course your verdict should be in favor of the defendant, because in order to recover at all it is necessary for the plaintiff to prove that the injuries complained of were caused as she has alleged in her declaration; that is, from being struck by the car.

[3] It is claimed by the defendant that the motorman ordered the plaintiff to get off the track, and even stopped the car until she got off safely. If you believe this to be true your verdict should be in favor of the defendant. It is further claimed by the defendant, that even if the car was not stopped before it reached the plaintiff, the motorman, nevertheless, as soon as he saw the plaintiff began to sound his gong, applied the brakes, and did everything that a reasonably prudent man would have done under like circumstances to avoid striking and injuring the plaintiff. If you believe this to be true your verdict should be in favor of the defendant, because the measure of the motorman's duty was what a reasonably prudent and careful man would have done under like circumstances.

[4] It is contended by the defendant that the plaintiff was guilty of contributory negligence at the time of the alleged accident. That is to say, if the plaintiff was struck and injured by the car it was her own negligence, or want of care, that caused it, or contributed to it. If you believe this to be true your verdict should be in favor of the defendant because it is the law that if a person is injured he cannot recover damages therefor if it is shown that his own negligence contributed proximately thereto.

[5] If, therefore, you believe from the testimony that the plaintiff saw, or by the exercise of reasonable care and caution, could have seen the approaching car in time to get off the track and avoid being injured, but did not do so, and for that reason was struck, she contributed to her own injury, and cannot recover even though the defendant was also guilty of negligence.

[6, 7] It was not in itself negligence for the plaintiff to travel on the line of the car track, for both the plaintiff and the defendant had a right to the use of the street, exercising reasonable and

proper diligence in doing so. But the defendant company had a superior right to use all that portion of the street included within the lines of its track and within those lines it must not be unnecessarily interfered with or impeded. Such superior right, however, does not give the railway company the right either carelessly or recklessly to injure others; it is simply that it has a superior right, and necessarily so, as its cars can travel only in that track, and others must get out of their way if they can do so.

[8] A railway track is always a place of danger for a pedestrian, and if the sides of the track are so obstructed by banks of snow, or other objects, as to make it difficult for the traveler on foot to get off the track when a car approaches, it is a place of greater danger on that account, and a correspondingly greater degree of care, diligence and circumspection is required on the part of the traveler to avoid being injured.

[9] While the motorman should at all times exercise proper and reasonable care in the operation of his car, have it under proper control and slow up or stop whenever necessary, in order to avoid accident, he has a right to presume that a person on the track will act as a reasonably prudent person would act to avoid being injured.

The mere fact that the car was not stopped is not in itself negligence. It is necessary that the conditions and circumstances should have been such at the time as to induce or cause a reasonably careful and prudent man to stop the car, if by the exercise of due care it could be stopped while descending such a downward grade as existed at the place of the alleged collision.

[10-12] This action is based upon negligence, which is the lack, or want of ordinary care. Negligence is never presumed. It must be proved, and the burden of proving it rests upon the plaintiff. If you are satisfied by the preponderance and weight of the evidence that the plaintiff was injured, and that such injury was caused by the negligence of the defendant, and are also satisfied that the plaintiff was not guilty of any negligence on her part that contributed proximately to her injury, your verdict should be in favor of the plaintiff, and for such an amount as would reasonably compensate her for any expenses incurred in treating her

Charge—Verdict.

injuries, and for her bodily pain, and suffering caused by the negligence of the defendant, and also for any loss of wages suffered by her in the past, as well as for any impairment of ability to earn a living in the future, as may be shown to be the result of the defendant's negligence.

But if you are not satisfied that the plaintiff's injury was caused by the defendant's negligence, and believe that the motorman of the car at the time of the alleged accident did all that could be reasonably required of him, and all that a reasonably prudent and careful man would have done under the circumstances, your verdict should be in favor of the defendant. Or if you believe that the plaintiff's own negligence, or want of care, contributed proximately to her injuries, your verdict should be in favor of the defendant.

[13] The case is now before you, gentlemen, for your decision upon the evidence and the law as we have stated it. In considering the evidence you are to be governed by the preponderance of proof. In civil cases the jury must be governed by the weight of the evidence, and render their verdict according as in their judgment the evidence preponderates.

[14, 15] Whenever the evidence is conflicting the jury should reconcile it if they can, but if they cannot do so they should give credit to those witnesses who under all the circumstances seem most worthy of credit, taking into consideration their fairness, their interest, their opportunities of knowing the things of which they speak, and any other fact or circumstance that may assist in rightfully and properly measuring the credit to be given.

Verdict for defendant.